954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Howard GRANDIER, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 No. 91-3367.
 United States Court of Appeals, Federal Circuit.
 Jan. 21, 1992.
 
 Before NIES, Chief Judge, and RICH and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Howard Grandier appeals from the January 9, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DC075290A0458, denying Grandier's motion for attorney fees under 5 CFR 1201.37(a)(2), which became the final decision of the Merit Systems Protection Board (Board) when it denied review on May 1, 1991. We affirm.
 
 DISCUSSION
 
 2
 The General Services Administration (agency) urges us to withhold judicial review of the decision appealed from. The agency's argument is based upon the following provision of the settlement agreement entered into by the agency and Grandier:
 
 
 3
 In the event that the Board denies appellant's motion for attorney's fees and costs, in whole or in part, solely at his option, appellant may elect to declare this Stipulation null and void, to reinstate his appeal [of the merits of the removal charge], and to proceed to a hearing. Such an election must be exercised by written submission to the Board within ten business days of appellant's receipt of the Board's denial of appellant's motion for attorney's fees and costs....
 
 
 4
 The agency contends that Grandier has failed to comply with the terms of the settlement agreement by not electing to declare it void and by not reinstating his appeal of the merits of the removal. Therefore, the agency concludes, Grandier has failed to exhaust his administrative remedies and the instant appeal is premature.
 
 
 5
 The agency cites no apposite authority (nor have we have found any) in support of its novel theory, namely, that a party to a settlement agreement who, pursuant to the express terms of the agreement, elects solely at his option to pursue one of two different procedural options set forth in the agreement, has failed to exhaust his administrative remedies by not electing the other option. In any event, even assuming adequate legal support for the agency's position existed, exhaustion of administrative remedies is not, strictly speaking, a jurisdictional requirement, and hence is waivable by this court. See United States v. Priority Products, Inc., 793 F.2d 296, 300 (Fed.Cir.1986). Accordingly, we address the decision denying Grandier's motion for attorney fees.
 
 
 6
 The AJ held, inter alia, that Grandier had failed to establish that the agency knew or should have known that it would not succeed on the merits of its removal action against Grandier. Contrary to Grandier's arguments, our function is not to provide a trial de novo of the evidence previously considered by the AJ in reaching her decision. Our scope of review is narrow; we may overturn the decision denying Grandier's motion for attorney fees only if we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. See 5 USC 7703(c). Having reviewed the entire record, including the AJ's thorough opinion, we see no such error.